UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DANIELLE CHILO<br>*Plaintiff*<br><br>v.<br><br>ZACHRY INDUSTRIAL INC. d/b/a<br>ZACHRY GROUP, AMILA BURGUS, in<br>her official and individual capacities; and<br>SANDRA GALLEGO, in her official and<br>individual capacities.<br>*Defendants.* | §§§§§§§§§§§§§§§ | CIVIL ACTION NO. _____<br><br>(JURY TRIAL DEMANDED) |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NOW COMES Danielle Chilo ("Plaintiff") in the above-styled cause, and files this Original Complaint against Zachry Industrial Inc. d/b/a Zachry Group,("Defendant"), Amila Burgus , in her official and individual capacities; and Sandra Gallego in her official and individual capacities ("Defendants") alleging violations under the Texas Commission on Human Rights Act ("TCHRA"), 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964 for Defendants' unlawful employment practices on the basis of race, and retaliation and would respectfully show unto the Court the following.

### II. PARTIES AND PERSONAL JURISDICTION

1. Plaintiff, Tremaine Gordon, is an individual, who is a citizen of the State of Texas, and who was at all times relevant hereto was a resident of Jefferson County, Texas.

2.      Defendant, Zachry Industrial Inc. d/b/a Zachry Group, is a private company doing business in Texas at 3901 Twin City Hwy, Port Arthur, TX 77642. Defendant is an employer within the meaning of the applicable statutes and employs more than fifteen (15) regular employees. Defendant may be served with process by any method authorized by Tex. R. Civ. P. 106, by serving its registered agent, C T Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136, or wherever agent may be found.

3.      Defendant, Amila Burgus ("Burgus") was a Medical Clinic Clerk during Plaintiff's Employment. As a Medical Clinic Clerk, Burgus was responsible for handling Plaintiff's medical clearance, and for subjecting her to discriminatory and retaliatory employment actions. Burgus is sued in her official and individual capacities. Defendant may be served with process by any method authorized by Fed. R. Civ. P. (5b) wherever Defendant may be found.

4.      Defendant, Sandra Gallego ("Gallego") was the Human Resource Officer responsible for receiving and investigating employee complaints. Gallego was responded for subjecting Plaintiff to discriminatory and retaliatory employment actions and caused the Zachry to deprive Plaintiff of equal protection under the law by refusing to investigate her complaint; and subjecting her to discriminatory and retaliatory employment actions. Gallego is sued in his official and individual capacities. Defendant may be served with process by any method authorized by Fed. R. Civ. P. (5b) wherever Defendant may be found.

### III.  SUBJECT MATTER JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress

providing for the protection of civil rights and 42 U.S.C. § 1981 *et seq.*, as amended.

6. Zachry Industrial Inc. d/b/a Zachry Group, ("Zachry") is a Texas Corporation headquartered at 527 Logwood Ave, San Antonio, Texas, 78221, United States.

7. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction upon this Court for all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)-(d) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and Defendant maintains offices, conducts business and resides in this District.

9. Venue is proper by virtue of 29 U.S.C § 2617(a)(2) which provides concurrent jurisdiction of actions arising under Title VII of the Civil Rights Act of 1964.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff timely filed a charge of discrimination against Defendant with the Texas Workforce Commission ("TWC") which was dual filed with the Equal Employment Opportunity Commission ("EEOC") pursuant to those agencies' work sharing agreement. Plaintiff are bringing this action within the requisite number of days required by law.

## V. FACTUAL BACKGROUND

11. Plaintiff, Danielle Chilo (Black, female) began working at ZACHRY located at 3901 Twin City Hwy Port Arthur Tx 77642 on or around November 9, 2021.

12. Ms. Chilo was employed as Material Handling Helper in Shipping, Receiving and Inventory.

13. Ms. Chilo was known to perform her job well and was tasked with training new

hires.

14. In May of 2022, Ms. Chilo's department had been placed under a lighting alert due to inclement weather at work. Ms. Chilo had to find to closest place available to seek shelter, which was a very cold location.

15. Ms. Chilo's department had to shelter in place for three to four hours before being allowed to return to work. Towards the end of the day, she started to feel ill, but stayed at work because her shift was almost over.

16. The next day, Friday May 27, 2022, Ms. Chilo returned to work. However, she was sent home. After treating at home from Saturday to Sunday, May 28 thru 29, 2022, the following Monday, May 30, 2022, Ms. Chilo went to a clinic and took a Covid test. The results to the Covid test came back negative, so Ms. Chilo then went to the emergency room. She was diagnosed with sever upper respiratory infection, which caused her to be out of work for a week and a few days. She called in and kept in touch with her boss, and General Foreman Wilbert Anthony ("Anthony") while she was out sick.

17. Approximately eight days later, on Tuesday June 7, 2022, Ms. Chilo was release by her doctor to return to work. She went to work on Wednesday, June 8, 2022.

18. While at work, she was going from cold to hot conditions. Her health relapsed, and she had to return to the hospital.

19. At the hospital, she was again diagnosed an upper respiratory infection, except this time, she was out of work for two (2) weeks.

20. On or around June 22, 2022, Ms. Chilo was able to go back to work. Anthony took Ms. Chilo to Medical for clearance to fully return to her duties. There Amila Burgus (white, female) told Anthony, that the clearance Ms. Chilo required was a payroll issue not medical because

"[Ms. Chilo's] not sick anymore", but she said "I'll go ahead and clear her" for duties.

21. Burgus asked Ms. Chilo questions about her health and if she was feeling ok. Paperwork was signed and Ms. Chilo and Anthony left.

22. Burgus (white, female) later made a false claim to Gallego in HR, about Ms. Chilo. When Ms. Chilo attempted to speak directly with Gallego about allegations Burgus made against her, Gallego refused to take Ms. Chilo's complaints.

23. Ms. Chilo was terminated.

## VI. CAUSES OF ACTION

### A. COUNT 1: RACE DISCRIMINATION, HARASSMENT & HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII and TCHRA (Against ZACHRY)

24. Plaintiff restates and incorporates by reference, all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

25. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

26. Discrimination against an individual based on race is prohibited pursuant to Title VII and TCHRA.

27. At all relevant times, Plaintiff, was qualified for the position held during employment with Defendant.

28. Defendant, by and through Defendant's agents discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment, or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive them of any employment opportunity or adversely affect their status because of Plaintiff's race (Black) in violation of Title VII and TCHRA.

## B. COUNT 2: RACE DISCRIMINATION, HARASSMENT & HOSTILE WORK ENVIRONMENT IN VIOLATION OF 42 U.S.C. §1981 (Against ALL DEFENDANTS)

29. Plaintiff restates and incorporates by reference, all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

30. Discrimination against an individual based on race is prohibited pursuant to 42 U.S.C. §1981.

31. Plaintiff is a Black female and are covered under 42 U.S.C. §1981.

32. At all relevant times, Plaintiff was qualified for the position held during employment with Defendant Zachry.

33. Defendants, by and through Defendants' agents, intentionally acted in a severe and pervasive manner to engaged in unlawful employment practices involving Plaintiff because of her race.

34. Defendants, by and through Defendants' agents, discriminated against Plaintiff with respect to the benefits, privileges, terms, and conditions of their employment in violation of 42 U.S.C. § 1981. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect their status as an employee because of her race.

35. Defendants, by and through Defendants' agents, discriminated against Plaintiff on the basis of race with malice or with reckless indifference to the federally protected rights of the Plaintiff.

36. Defendants, by and through Defendants' agents, intentionally deprived Plaintiff of an equal employment opportunity that was provided to other non-Black employees similarly situated in violation of 42 U.S.C. § 1981.

## C. COUNT 3: RETALIATION IN VIOLATION OF 42 U.S.C. §1981
    (Against ALL DEFENDANTS)

37. Plaintiff restates and incorporates by reference, all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

38. 42 U.S.C. §1981 protects employees who engage in a protected activity from retaliation by an employer.

39. Plaintiff engaged in conduct protected under 42 U.S.C. §1981.

40. Plaintiff were subjected to an adverse employment action at the time, and after, the protected conduct occurred.

## VII. RESPONDEAT SUPERIOR AND RATIFICATION

41. Whenever in this complaint it is alleged that the Defendants, did any act or thing, it is meant that the Defendants' officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendants' officers, agents, servants, employees, or representatives, in their individual and official capacity.

## VIII. DAMAGES

42. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

43. As a result of Defendants' unlawful conduct, Plaintiff have suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff have also incurred other actual damages as a result of Defendants' unlawful conduct,

including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## IX. ATTORNEY'S FEE AND COSTS

44. To redress the injuries sustained by the Plaintiff on account of Defendants' action, Plaintiff has retained the undersigned counsel to represent her in this action.

45. Plaintiff are entitled to an award of attorney's fees and costs under Title VII, 42 U.S.C. §2000e-5(k) and 42 U.S.C §1988, 29 U.S.C § 2617, 29 USC § 794a, and §21.259 of the Texas Labor Code.

## X. JURY DEMAND

46. Plaintiff requests a trial by jury on all issues that can be tried to a jury.

## XI. PRAYER

WHEREFORE, premises considered, Plaintiff prays that the Defendants be cited to appear and answer herein, and that upon a final trial, judgment be entered for Plaintiff against Defendants for:

    a. actual and consequential damages, including, but not limited to back pay (wages and benefits);

    b. compensatory damages, including, but not limited to emotional distress, mental anguish, humiliation and embarrassment in the past and which in reasonable probability will be suffered in the future;

    c. Punitive damages in an amount above the minimum jurisdictional limit of the Court;

    d. Reasonable attorney's fees, with conditional awards in the event of appeal;

    e. Pre-judgment interest at the highest rate permitted by law;

    f. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

    g. Costs of court and expert witness fees incurred by Plaintiff in the

preparation and prosecution of this action; and

h.  Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

THE RICHEY LAW FIRM

By:  /s/ Sara Richey
Sara Richey
State Bar No. 24068763
11777 Katy Freeway, Suite 335
Houston, TX 77079
(713) 636-9931 – Telephone
sara@thericheylawfirm.com